UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MELVIN MILES,                )   1:15CV1560
                             )
          Petitioner         )
                             )
                             )   JUDGE PATRICIA GAUGHAN
          v.                 )   (Mag. Judge Kenneth S. McHargh)
                             )
MARGARET BRADSHAW,           )
          Warden,            )
                             )
          Respondent         )   REPORT AND
                             )   RECOMMENDATION


McHARGH, MAG. JUDGE

The petitioner Melvin Miles ("Miles") has filed a petition pro se for a writ of

habeas corpus, arising out of his 1991 conviction and sentence for aggravated

murder with a firearm specification, in the Cuyahoga County (Ohio) Court of

Common Pleas.  (Doc. 1.)  In his petition, Miles raises a single ground for relief,

verbatim:

> 1. Miles was denied the due process protections of the Fourteenth
> Amendment to the United States Constitution when the Ohio
> appellate court refused to rule on the merits of a properly file[d] motion
> to withdraw guilty plea under [Ohio] Criminal Rule 32.1 in violation fo
> the plain language of Ohio's Rules of Criminal Procedure.

(Doc. 1, at [17].)

The respondent has filed an motion to dismiss or, in the alternative, to

transfer to the Sixth Circuit.  (Doc. 6.)  Miles has filed an opposition.  (Doc. 7.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background:

> In 1990, Miles and a codefendant, Darnell Wilson, were involved in a
> robbery incident during which Miles fired six or seven rounds from an
> AK–47 and killed the victim.  Miles and Wilson were indicted for
> aggravated murder, aggravated robbery, and aggravated burglary.
> Wilson went to trial and was found guilty by a jury.  Miles, pursuant to
> a plea agreement, pleaded guilty before a three-judge panel to
> aggravated murder with a felony-murder specification and a firearm
> specification.  He was sentenced to a term of life imprisonment with
> parole eligibility after 20 years.  He also received a three-year
> consecutive prison term for the firearm specification.

> In 2012, Miles filed a motion to withdraw his guilty plea, contending
> his plea was invalid because the trial court failed to advise him that
> his sentence included a five-year mandatory term of parole.  The trial
> court denied his motion and this court affirmed the decision.1 State v.
> Miles, 8th Dist. Cuyahoga Nos. 98980 and 99003, 2013–Ohio–1562.

> On October 18, 2013, after having served more than 22 years, Miles
> appeared before the Parole Board for his first parole consideration
> hearing.  The Board denied parole.  It gave the following reasons:

>> Inmate pled guilty to aggravated murder for the violent
>> and senseless killing of the victim during a burglary.  He
>> takes responsibility for this offense and has completed
>> relevant programs to gain further insight into his conduct
>> and positively change [sic].  His conduct has been good
>> after receiving segregation for some tickets early in his
>> incarceration.  The Board recognizes his positive
>> motivation and change.  But, the aggravating factors in
>> this case lead the Board to conclude that release would
>> not further the interest of justice.  After weighing
>> relevant factors, including co-defendant parity, the Board
>> does not consider the inmate suitable for release at this
>> time and assesses a seven (7) year continuance.

> After the Parole Board denied his parole, Miles filed a second motion to
> withdraw his guilty plea.  He claimed that, by denying him parole

2

after he served 23 years—20 years in addition to a three-year term for the firearm specification—the state, of which the Parole Board is an agent, breached the plea agreement.  In its motion to withdraw the plea, Miles claimed that he entered into the plea agreement "to avoid the 'parity' of the harsher punishment associated with a jury trial and his co-defendant." He alleged that the Parole Board's seven-year continuance resulted in him being required to serve the same 30–year sentence imposed on his codefendant and, therefore, constituted a breach of his plea agreement.  Miles claimed he should be allowed to withdraw his guilty plea as a result of the alleged breach.

Although the trial court appeared to have doubts about the propriety of the Parole Board's decision, the trial court denied Miles's motion to withdraw the plea without a hearing.  The court stated the following in its judgment entry:

> Defendant's 3/04/2014 "Motion to Withdraw Guilty Plea Pursuant to Ohio Criminal rule 32.1" is denied without a hearing.  Despite this fact, the court must make further comment.  This defendant entered a guilty plea after intense negotiations and received a sentence of 23 years in prison.  He was a very young man at the time and although the sentence was appropriate for the behavior and offense in question, it proved very difficult for him to enter a plea and accept the sentence.  He is now eligible for parole but the parole board has rejected his request for release.  The parole board has apparently based its denial on the following: 1) that the nature of the offense requires more punishment; and 2) that Mr. Miles should be imprisoned for the same length of time as his co-defendant who went to trial.  Furthermore, it appears that there is no basis upon which to deny Mr. Miles a release on parole because of his conduct while in prison. By all accounts he has been well behaved.  It should further be noted that Mr. Miles appeared before three experienced and knowledgeable elected jurists who accepted his plea and imposed a sentence approved of by the state of Ohio.  It is this court's opinion that it is inappropriate for the parole board to deny Mr. Miles parole consideration for the reasons stated above.  Indeed, it would appear to be a usurpation of authority to do so on this record.

3

(Doc. 6, RX 42, at 1-3; State v. Miles, No. 101790, 2015 WL 755281, at *1-*2 (Ohio Ct. App. Feb. 19, 2015).)

The court of appeals found that the trial court did not abuse its discretion in denying Miles' motion to withdraw his plea.  (Doc. 6, RX 42, at 4-5; Miles, 2015 WL 755281, at *3.)

Miles appealed that judgment to the Supreme Court of Ohio, setting forth a single proposition of law:

> An appellate court [errs] when it refuses to rule on the merits of a properly file[d] motion to withdraw guilty plea under Criminal Rule 32.1, in violation of the plain language of Ohio's rules of criminal procedure, and offending the due process protections of the Fourteenth Amendment to the United States Constitution.

(Doc. 6, RX 44.)  On June 3, 2015, the state high court declined to accept jurisdiction of the appeal.  (Doc. 6, RX 45.)

Miles filed a petition for a writ of habeas corpus in this court on August 7, 2015.  (Doc. 1.)

A preliminary matter:  In the motion to dismiss, the respondent contends that the petition contains three grounds for relief.  (Doc. 6, at 7-8.)  However, the petition specifies only a single ground, which is stated as:

> Miles was denied the due process protections of the Fourteenth Amendment to the United States Constitution when the Ohio appellate court refused to rule on the merits of a properly file[d] motion to withdraw guilty plea under [Ohio] Criminal Rule 32.1 in violation of the plain language of Ohio's Rules of Criminal Procedure.

4

(Doc. 1, at [17].)  "Ground One" of the petition is ordinarily set forth in Section 12 of the form.  At that point, Miles filled in:  "See attached answer to Question 12." (Doc. 1, § 12, at [4].)  Similarly, the "Supporting facts" section was filled in to refer to an attached answer.  (Doc. 1, § 12(a), at [4].)

"Ground Two" of the petition was filled in "N/A" as was "Ground Three" ("N/A").  See doc. 1, at [6], and [7].  In the attachment to the petition, Miles set out the claims which he raised in the state courts.  (Doc. 1, at [13]-[16].)  Then, he provided the "Answer to Question[s] 12 & 12-a," which set forth the ground for habeas relief, as quoted above, and the supporting arguments.  (Doc. 1, at [17].)

In sum, the petition for a writ of habeas corpus is based on a single ground for relief.

## II.  SECOND OR SUCCESSIVE PETITION?

The respondent argues that the present petition constitutes a second or successive petition, which must first be vetted by the Sixth Circuit.  (Doc. 6, at 8.) The respondent contends that the petition must be dismissed, or transferred to the Sixth Circuit.  (Doc. 6, at 9.)

The habeas statute has several provisions relevant to this issue:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be

6

filed unless the applicant shows that the claim satisfies the
requirements of this section.

28 U.S.C.A. § 2244(b).  The respondent identifies Sections 2244(b)(3)(A) and

2244(b)(3)(b) as relevant to the motion to dismiss.  (Doc. 6, at 8-9.)

The respondent asserts that Miles will claim that a new factual predicate

was discovered, which he could not have discovered earlier.  The respondent argues:

> Specifically, he was denied parole since his first petition, and he now
> claims that that denial of parole is a breach of the plea agreement.
> (See Petition, Doc. 1).  But the very nature of the claim requires that
> he is challenging his original 1991 judgment of conviction – the same
> conviction that he challenged in his first habeas petition, Thus, this
> petition fits squarely within the definition of a successive petition . . .

(Doc. 6, at 8.)

Indeed, Miles argues that the issue underlying his claim "did not exist until

October 18, 2013, when the Ohio Adult Parole Authority, altered the agreement

between Miles and the State of Ohio."  (Doc. 7, at 5.)  The parole board's October

2013 decision led to his motion to withdraw plea, which was denied by the trial

court without a hearing.  (Doc. 6, RX 42, at 2; Miles, 2015 WL 755281, at *1-*2.)

The appeal filed by Miles on August 8, 2014, attacked the trial court's decision to

deny his motion to withdraw plea.  (Doc. 6, RX 39; see generally doc. 6, RX 42;

Miles, 2015 WL 755281 (affirming judgment of trial court).)

The state court of appeals found no abuse of discretion in the denial of the

motion to withdraw plea.  (Doc. 6, RX 42, at 4-5; Miles, 2015 WL 755281, at *2.)

The court pointed out that "a motion to withdraw a guilty plea is not a proper

remedy for a claimed breach of a plea bargain by the Parole Board." (Doc. 6, RX 42, at 4; Miles, 2015 WL 755281, at *2.)  However, the court of appeals emphasized that "we express no opinion regarding the substance of Miles's claim – whether there was a breach of his plea agreement when the Parole Board denied him parole after he served 23 years of his imposed sentence." (Doc. 6, RX 42, at 6; Miles, 2015 WL 755281, at *3.)  The appellate court's decision was simply that the trial court did not abuse its discretion in denying the motion to withdraw his guilty plea without a hearing.  (Doc. 6, RX 42, at 5-6; Miles, 2015 WL 755281, at *3.)

This habeas petition is based on Miles' claim that the state court of appeals' refusal "to rule on the merits of a properly filed motion to withdraw guilty plea" was in violation of his constitutional due process rights.  (Doc. 1, at [17].)

Section 2244's "gatekeeping provisions" apply only to a "second or successive petition" within the meaning of the statute.  James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002).

The Supreme Court has recognized that the:

. . . AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications.  If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases.  § 2244(b)(1).  And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions.  One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict.  § 2244(b)(2)(B).  The other is for certain claims relying on new rules of constitutional law.  § 2244(b)(2)(A).

8

Tyler v. Cain, 533 U.S. 656, 661-662 (2001).  More specifically, Section 2244(b)(2)(B) provides that a successive petition may be permitted:

> . . . if the petitioner can demonstrate that the "factual predicate for the claim could not have been previously discovered through the exercise of due diligence" and that, "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

In re Marsch, No. 05-6340, 2006 WL 3780362, at *2 (6th Cir. Dec. 20, 2006) (quoting 28 U.S.C. § 2244(b)(2)(B)(i)-(ii)).

The first issue, then, is whether Miles' current petition should be considered a "second or successive petition."  The phrase is not defined in the statute, and courts have rejected a literal reading.  James, 308 F.3d at 167.  Not every subsequent petition for habeas corpus is considered a "second or successive petition" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  In re Bowen, 436 F.3d 699, 704 (6th Cir. 2006) (citing Slack v. McDaniel, 529 U.S. 473, 487 (2000), and other cases); James, 308 F.3d at 167 (citing cases).

In order to file a "second or successive" habeas petition, the prisoner must first move for an order from the relevant U.S. Court of Appeals authorizing the district court to consider the application.  Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010); Tyler, 533 U.S. at 660 n.2 (citing 28 U.S.C. § 2244(b)(3)(A)); Cress v. Palmer, 484 F.3d 844, 852 (6th Cir. 2007); In re Siggers, 132 F.3d 333, 335 (6th Cir. 1997).

9

The Sixth Circuit had previously found that, if a petition filed in this court is considered a "second" petition, the district court should transfer the petition to the Sixth Circuit Court of Appeals for its consideration.  In re Sims, 111 F.3d 45, 46-47 (6th Cir. 1997) (per curiam); Marsch, 2006 WL 3780362, at *1.  The movant would then have to satisfy the requirements of 28 U.S.C. § 2244(b)(1) and (2) before proceeding further.  Siggers, 132 F.3d at 337-339.

In Magwood v. Patterson, however, the Supreme Court stated that, "if [the petitioner's] application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals."  Magwood, 130 S.Ct. at 2796 (emphasis added); see also Burton v. Stewart, 549 U.S. 147, 157 (2007) (vacating judgment of court of appeals, and directing district court "to dismiss the habeas petition for lack of jurisdiction").  The Magwood Court also noted that, if the application is not "second or successive," it is not subject to Section 2244(b) at all, and the petitioner's claim would be reviewable (absent procedural default).  Magwood, 130 S.Ct. at 2796.

Because the phrase "second or successive petition" is not statutorily defined in the AEDPA, courts have resorted to the "abuse of writ" doctrine.  James, 308 F.3d at 167 (citing cases); see also Bowen, 436 F.3d at 704.  Under the "abuse of writ" doctrine, a habeas petition is a "second" petition "when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect."  Bowen, 436 F.3d at 704 (citing

10

McCleskey v. Zant, 499 U.S. 467, 489 (1991)); see also Cress, 484 F.3d at 852 (unavailability of factual basis establishes cause for failure to raise claim); Siggers, 132 F.3d at 338.

The Supreme Court has found that, where there is a new judgment intervening between two habeas petitions, "an application challenging the resulting new judgment is not 'second or successive' at all." Magwood, 130 S.Ct. at 2802. For example, federal courts have found that a subsequent habeas petition is not a "second or successive" petition where it raises a claim that originates at resentencing, and which could not have been addressed in the earlier petition. Lang v. United States, 474 F.3d 348, 351-353 (6th Cir.), cert. denied, 552 U.S. 1083 (2007) (citing cases); James, 308 F.3d at 168 (citing cases). Claims that could not have been raised in a prisoner's earlier habeas petition do not implicate the gatekeeping requirements of Section 2244. James, 308 F.3d at 168 (citing cases).

As set forth by the respondent, Miles filed his first petition for a writ of habeas corpus on Jan. 25, 2001. (Doc. 6, RX 4.) That petition was denied because this court found that the claims of his petition were procedurally barred. (Doc. 6, RX 5, at 2.)

Miles filed a second petition for writ of habeas corpus on Sept. 8, 2014. (Doc. 6, RX 46.) This court dismissed the petition, without prejudice, because it was apparent from the face of the petition that Miles had an appeal pending in state

court concerning the parole authority's October 2013 denial of parole, and the trial court's subsequent denial of his motion to withdraw plea. (Doc. 6, RX 47.)

Miles filed this most recent petition for writ of habeas corpus on Aug. 7, 2015, asserting that he had exhausted his state remedies. (Doc. 1, at [23]; see also doc. 6, at 7 (respondent concedes state appeals complete).) The petition is based on the claim that Miles was denied due process "when the Ohio appellate court refused to rule on the merits of a properly file[d] motion to withdraw guilty plea." Thus, the claim is explicitly based on the court of appeals decision of Feb. 19, 2015, which affirmed the trial court's July 29, 2014, denial[1] of his motion to withdraw plea. (Doc. 6, RX 42; Miles, 2015 WL 755281.) As stated earlier, the motion to withdraw plea was based on the parole board's October 2013 decision, and Miles' theory that this action was a breach of his plea agreement, which should allow him to withdraw his plea. Whatever the merits of his argument, it was based on the parole authority's denial of his release, as Miles was about to complete the twenty-three year sentence he believed he had bargained for. (Doc. 6, RX 35.)

Thus, the claim asserted in the current petition did not exist when Miles filed his 2001 petition, so this petition is not "second or successive" for the purposes of AEDPA's gatekeeping provisions. Lang, 474 F.3d at 353; James, 308 F.3d at 168. Miles had no way of knowing in 2001 that the parole authority would deny his release in 2013, after he had served the twenty-three years of his plea, and would

---

[1] (Doc. 6, RX 37.)

12

also determine that he had an additional seven (7) years yet to serve.  See doc. 6,
RX 35, at [2], [11].  Claims that could not have been raised in the earlier petition do
not implicate the gatekeeping requirements of Section 2244.  James, 308 F.3d at
168 (citing cases).

In light of the preceding discussion, the court does not find that Miles's
habeas petition is barred from consideration as a "second or successive application"
under Section 2244.  The motion to dismiss did not address the merits of Miles'
claim, and the court will not address the merits of his claim sua sponte.


RECOMMENDATION

The motion to dismiss (doc. 6) the petition for a writ of habeas corpus should
be denied.


Dated:   Feb. 17, 2016              /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with
the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file
objections within the specified time WAIVES the right to appeal the District Court's
order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d
947 (6th Cir. 1981).