UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN MILES, | ) | Case No. 1:15CV1560 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| MARGARET BRADSHAW, | ) | |
| | ) | |
| Warden, Respondent. | ) | <u>REPORT AND RECOMMENDATION</u> |

Petitioner Melvin Miles ("Miles" or "petitioner") has filed a petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The petitioner is in custody pursuant to the judgment entry in *State of Ohio v. Miles*, Case No. CR-261144 (Cuyahoga County Apr. 15, 1991) following his guilty plea and sentence for aggravated murder with a firearm specification, in the Cuyahoga County (Ohio) Court of Common Pleas. (R. 6, RX 1.) The petition stems from Miles' recent efforts to withdraw his guilty plea following the Ohio Parole Board's decision denying him parole. (R. 1.) The respondent has filed a Return of Writ (R. 11), and Miles has filed a Reply (R. 12).

---

[1] The court holds pleadings drafted by a *pro se* litigant to less stringent standards than formal pleadings drafted by lawyers, and will liberally construe such filings. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)). No other special treatment is afforded litigants who proceed *pro se*. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

1

This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For the reasons set forth in detail below, it is recommended that the petition be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> In 1990, Miles and a codefendant, Darnell Wilson, were involved in a robbery incident during which Miles fired six or seven rounds from an AK-47 and killed the victim. Miles and Wilson were indicted for aggravated murder, aggravated robbery, and aggravated burglary. Wilson went to trial and was found guilty by a jury. Miles, pursuant to a plea agreement, pleaded guilty before a three-judge panel to aggravated murder with a felony-murder specification and a firearm specification. He was sentenced to a term of life imprisonment with parole eligibility after 20 years. He also received a three-year consecutive prison term for the firearm specification.
>
> In 2012, Miles filed a motion to withdraw his guilty plea, contending his plea was invalid because the trial court failed to advise him that his sentence included a five-year mandatory term of parole. The trial court denied his motion and this court affirmed the decision. *State v. Miles*, 8th Dist. Cuyahoga Nos. 98980 and 99003, 2013-Ohio-1562.
>
> On October 18, 2013, after having served more than 22 years, Miles appeared before the Parole Board for his first parole consideration hearing. The Board denied parole. It gave the following reasons:
>
>> Inmate pled guilty to aggravated murder for the violent and senseless killing of the victim during a burglary. He takes responsibility for this offense and has completed relevant programs to gain further insight into his conduct and positively change [sic]. His conduct has been good after receiving segregation for some tickets early in his incarceration. The Board recognizes his positive motivation and change. But, the aggravating factors in

> this case lead the Board to conclude that release would not further the interest of justice. After weighing relevant factors, including co-defendant parity, the Board does not consider the inmate suitable for release at this time and assesses a seven (7) year continuance.

After the Parole Board denied his parole, Miles filed a second motion to withdraw his guilty plea. He claimed that, by denying him parole after he served 23 years — 20 years in addition to a three-year term for the firearm specification — the state, of which the Parole Board is an agent, breached the plea agreement. In its motion to withdraw the plea, Miles claimed that he entered into the plea agreement "to avoid the 'parity' of the harsher punishment associated with a jury trial and his co-defendant." He alleged that the Parole Board's seven-year continuance resulted in him being required to serve the same 30-year sentence imposed on his codefendant and, therefore, constituted a breach of his plea agreement. Miles claimed he should be allowed to withdraw his guilty plea as a result of the alleged breach.

Although the trial court appeared to have doubts about the propriety of the Parole Board's decision, the trial court denied Miles's motion to withdraw the plea without a hearing. The court stated the following in its judgment entry:

> Defendant's 3/04/2014 "Motion to Withdraw Guilty Plea Pursuant to Ohio Criminal rule 32.1" is denied without a hearing. Despite this fact, the court must make further comment. This defendant entered a guilty plea after intense negotiations and received a sentence of 23 years in prison.[2] He was a very young man at the time and although the sentence was appropriate for the behavior and offense in question, it proved very difficult for him to

---

[2] Despite the trial court's statement, the judgment entry and petitioner's petition confirm that Miles received a life sentence with the eligibility of parole after serving twenty three years—twenty years for aggravated murder plus three years for a firearm specification. (R. 6, RX 1, PageID #: 71; R. 1, PageID # 1; R. 1-3, PageID # 30-31). In addition, a previous Ohio appellate court decision indicated, during the plea hearing "the judge expounded 'if you [Miles] plead to the charges in the first count of the indictment presented, we have no discretion. We have no choice but to impose a sentence of life imprisonment." (R. 6, RX 31, PageID #: 254-55); *see also Ohio v. Miles*, No. 98980, 99003, 2013 WL 1697372, *1 (Ohio Ct. App. Apr. 18, 2013).

3

> enter a plea and accept the sentence. He is now eligible for parole but the parole board has rejected his request for release. The parole board has apparently based its denial on the following: 1) that the nature of the offense requires more punishment; and 2) that Mr. Miles should be imprisoned for the same length of time as his co-defendant who went to trial. Furthermore, it appears that there is no basis upon which to deny Mr. Miles a release on parole because of his conduct while in prison. By all accounts he has been well behaved. It should further be noted that Mr. Miles appeared before three experienced and knowledgeable elected jurists who accepted his plea and imposed a sentence approved of by the state of Ohio. It is this court's opinion that it is inappropriate for the parole board to deny Mr. Miles parole consideration for the reasons stated above. Indeed, it would appear to be a usurpation of authority to do so on this record.

(R. 6, RX 42, PageID #: 326-328; *State v. Miles*, No. 101790, 2015 WL 755281, at *1-*2 (Ohio Ct. App. Feb. 19, 2015).)

Miles appealed the trial court's denial of his motion to withdraw his plea, raising the following assignment of error:

> Miles was denied due process of law under the Sixth and Fourteenth Amendment[s] to the United States Constitution when the Ohio Adult Parole Authority invalidated his plea agreement with the state and the trial court failed to hold a hearing and address the matter after having determined that the Parole Board usurped their authority and no legitimate basis to deny parole appeared on the record.

(R. 6, RX 39, PageID #: 291.) The court of appeals found that the trial court did not abuse its discretion in denying Miles' motion to withdraw his plea. (R. 6, RX 42, PageID #: 329-330; *Miles*, 2015 WL 755281, at *3.) It further indicated that under the circumstances a motion to withdraw the guilty plea was not the appropriate procedure to seek remedy for an alleged plea agreement breach, but rather, Miles

4

could file a civil action to enforce the agreement. *Id*. Miles appealed the court of appeals decision to the Supreme Court of Ohio, setting forth a single proposition of law:

> An appellate court [errs] when it refuses to rule on the merits of a properly file[d] motion to withdraw guilty plea under Criminal Rule 32.1, in violation of the plain language of Ohio's rules of criminal procedure, and offending the due process protections of the Fourteenth Amendment to the United States Constitution.

(R. 6, RX 44.) On June 3, 2015, the state high court declined to accept jurisdiction of the appeal. (R. 6, RX 45; *State v. Miles,* 142 Ohio St.3d 1478, 31 N.E.3d 655 (2015).) Miles filed this petition for a writ of habeas corpus in this court on August 7, 2015. (R. 1.)

## II. ANALYSIS

A. Habeas Corpus Review

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim that was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2)

"involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 412-13 (2002). *See also Price v. Vincent,* 538 U.S. 634, 640 (2003); *Lorraine v. Coyle,* 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied,* 538 U.S. 947 (2003). Federal habeas relief, however, is not available for a claimed violation of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue a writ on the basis of a perceived error of state law.") Thus, any alleged violation of Ohio law is not properly before this court. *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).

B. Discussion

Miles' petition asserts one ground for relief, raising the following issues:

1. Miles was denied the due process protections of the Fourteenth Amendment to the United States Constitution when the Ohio appellate court refused to rule on the merits of a properly file[d] motion to withdraw guilty plea under [Ohio] Criminal Rule 32.1 in violation [of] the plain language of Ohio's Rules of Criminal Procedure.

(R. 1, PageID #: 17.) Miles Reply contends that the parole board breached his underlying plea agreement, which he claims "constitutes a manifest injustice, invokes the due process protections of the Fourteenth Amendment, and clearly

establishes that Miles is incarcerated in violation of the United States Constitution." (R. 12, PageID #: 427.) But as an initial matter, despite Miles' attempt to frame his claim as a due process violation, the essence of his petition challenges the state court decisions not to rule of the merits of his motion to withdraw the guilty plea under Ohio law.

The state appellate court determined that the trial court did not abuse its discretion under Ohio law when the judge denied Miles' motion to withdraw his guilty plea without a hearing. (R. 6, RX 42, PageID #: 329-330; *Miles*, 2015 WL 755281, at *3.) Miles' petition and filings argue that the state court of appeals erred by failing to rule on the merits of his motion to withdraw guilty plea, pursuant to Ohio Rule of Criminal Procedure 32.1.[3] (R. 1, PageID #: 17.) Miles petition challenges the state appellate court's analysis and application of state law.

Generally, a federal habeas court should not second guess state court decisions regarding matters of state law. *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). Federal habeas relief is not available for Miles' claim to the extent that he alleges the Ohio court of appeals abused its discretion and/or violated state law by failing to rule on the merits of his motion to withdraw guilty plea. *See Lewis*, 497 U.S. at 780 (habeas relief "does not lie for errors of state law"); *see also Pulley v.*

---

[3] Ohio Rule of Criminal Procedure 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

7

*Harris*, 465 U.S. 37, 41 (1984). Moreover, a habeas court lacks authority to adjudicate a claim that a state court abused its discretion by denying a motion to withdraw a guilty plea. *Xie v. Edwards*, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (TABLE, text in WESTLAW) (whether trial court abused discretion in denying motion to withdraw plea is question of state law); *Artiaga v. Money*, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007).

Although Miles' petition in essence asserts that the state court abused its discretion, this court will liberally construe Miles' petition and, in doing so, considers whether he has shown a Fourteenth Amendment due process violation. (R. 1, PageID #: 17.) When liberally construing Miles' claim, the court notes that his state court filings further elaborate upon the nature of his due process claim. There, he asserted the following assignment of error before the state court of appeals:

> Miles was denied due process of law under the Sixth and Fourteenth Amendment[s] to the United States Constitution when the Ohio Adult Parole Authority invalidated his plea agreement with the state and the trial court failed to hold a hearing and address the matter after having determined that the Parole Board usurped their authority and no legitimate basis to deny parole appeared on the record.

(R. 6, RX 39, PageID #: 291, 297.) It is the state court's ruling on that claim that is the crux of Miles' due process claim. The Fourteenth Amendment of the U.S. Constitution provides that a state may not "deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV, sec. 1.

Miles state court appellate brief recognized that, under state law, a post-sentence motion to withdraw a guilty plea might be granted only to correct a

8

manifest injustice. (R. 6, RX 39, PageID #: 297, citing *State v. Xie,* 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).) Miles noted, "[a] manifest injustice is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process." (R. 6, RX 39, PageID #: 297, citing *State v. McMahon,* No. CA2009-06-008, 2010 WL 1851073 (Ohio Ct. App. May 10, 2010).) He alleged that the state action resulted in a manifest injustice, which he argued did not occur during the plea proceedings, but rather when the Ohio Adult Parole Authority substituted their opinion concerning the appropriate sentence for that of the trial court. (R. 6, RX 39, PageID #: 298.) Miles contended that, although the state parole authority has unfettered discretion in making parole release determinations, the Supreme Court of Ohio ruled "the parole board's authority must yield when it runs afoul of a judicially sanctioned plea agreements [*sic*] and terms of imprisonment." (R. 6, RX 39, PageID #: 299, citing *Layne v. Ohio Adult Parole Auth.,* 97 Ohio St.3d 456, 780 N.E.2d 548 (2002).)

      Miles asserted that he invoked the procedure enacted in Ohio Criminal Rule 32.1, moving the court to withdraw his plea "to correct manifest injustice." (R. 6, RX 39, PageID #: 301, quoting Ohio Crim.R. 32.1.) Miles argued that the parole board's actions constituted a state judicial function, which invalidated his plea. *Id.* The parole board, according to Miles, conducted a "suitability" review and considered the same factors that the trial court and prosecutor had agreed did not exist in his case, at the plea hearing. Miles asserts that the prosecutor placed on the record that: "For

9

purposes of this plea, *** the State would stipulate that the aggravating circumstances in this case do not outweigh beyond a reasonable doubt the mitigating facts, ***." (R. 6, RX 39, PageID #: 302, quoting Change of Plea Tr., at 33.)[4] Miles argued that the parole board altered the terms of the plea, by overruling that agreed stipulation, and made it of no effect. He contends that the board resentenced him to a term they deemed appropriate, entering the realm of the judiciary. *Id.*

Miles asserted that the actions of the parole board invalidated his plea agreement with the state, and that the appropriate relief should be based on the U.S. Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257 (1971), because "a non-judicial breach of a plea agreement must be remedied nonetheless." (R. 6, RX 39, PageID #: 303-305, quoting *Santobello*, 404 U.S. at 262-263.) In summary, Miles contended that a "manifest injustice" existed, because he entered a plea agreement in exchange for a reduced sentence, and "the actions of the parole board rendered Miles' plea meaningless, and did so 23 years after sentencing." (R. 6, RX 39, PageID #: 307.)

The state court of appeals denied his claim, concluding that the trial court did not abuse its discretion in denying his motion to withdraw his plea. (R. 6, RX 42,

---

[4] The parties have not placed the transcript of the plea hearing into the record before this court, but the respondent does not contest the accuracy of Miles' citation. Further the record does not contain a written plea agreement, but rather, the guilty plea occurred during court hearing. *See Miles*, 2013 WL 1697372, *1-2.

PageID #: 329-330; *Miles,* 2015 WL 755281, at *3.) The appellate court did not consider whether the plea agreement was breached because Miles did not raise that issue, but suggested Miles' remedy was to enforce the plea bargain through an appropriate civil action. (R. 6, RX 42, PageID #: 330; *Miles,* 2015 WL 755281, at *3.) The state court apparently was unconvinced that the situation before it might allow for the consideration of a motion to withdraw a plea in order to correct a manifest injustice, as provided for by Ohio Rule of Criminal Procedure R. 32.1. The state court also did not find the Supreme Court of Ohio's ruling that the parole board's discretion "must yield when it runs afoul of . . . judicially sanctioned plea agreements" to be convincing. *Layne,* 97 Ohio St.3d at 464, 780 N.E.2d at 555. Rather, that court concluded, "[b]ecause a motion to withdraw the guilty plea is not a proper remedy for a claim of breach of plea agreement by the Parole Board, the trial court's denial of the motion was clearly warranted and a hearing was unnecessary in this case." *Id.*

Insofar as Miles challenges the state appellate court's ruling based upon their interpretation of state law, this court cannot review it. *See Lewis*, 497 U.S. at 780 (habeas relief "does not lie for errors of state law"); *Pulley*, 465 U.S. at 41. The state court based its ruling solely on state law, however, and did not address Miles' federal constitutional due process arguments under the Fourteenth Amendment or other federal law. *See generally* R. 6, RX 39, PageID #: 297, 300, 303, 305-307. Federal courts apply deferential review under the AEDPA to state court rulings

11

only when the state court has addressed the federal claim. Where the state court did not adjudicate the merits of a *Santobello* claim raised in a post-conviction petition, a federal habeas court is "free to dispose of the petition through *de novo* review 'as justice and law require.'" *Villanueva v. Anglin,* 719 F.3d 769, 777 (7th Cir. 2013) (quoting *Canaan v. McBride,* 395 F.3d 376, 383 (7th Cir. 2005)) (reviewing denial of a post-conviction petition).

This court must determine whether the state court ruling was contrary to clearly established federal law, as determined by the Supreme Court of the United States. *Williams,* 529 U.S. at 412-413. The relevant Supreme Court case law begins with *Santobello v. New York*, which the Sixth Circuit discussed in *United States v. Robison*:

> In *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court gave formal approval to plea bargaining as an essential and desirable practice in the administration of criminal justice and noted that the considerations justifying the practice "presuppose fairness in securing agreement between an accused and a prosecutor." *Id.* at 261, 92 S.Ct. at 498. "As a general rule, fundamental fairness means that the courts will enforce promises made during the plea bargaining process that induce a criminal defendant to waive his constitutional rights and plead guilty." *Staten v. Neal,* 880 F.2d 962, 963 (7th Cir. 1989). In the present case, "[t]here is no question that an agreement was reached ... nor that [the] defendant has fully performed by pleading guilty, so that he is entitled to an appropriate remedy if the Government has breached the agreement." *United States v. Harvey,* 791 F.2d 294, 300 (4th Cir. 1986) (citing *Santobello,* 404 U.S. 257, 92 S.Ct. at 496). Where a defendant fulfills his promise in entering a guilty plea, the prosecution is bound to fulfill any promise made in exchange. *Santobello,* 404 U.S. at 262, 92 S.Ct. at 499.

*United States v. Robison,* 924 F.2d 612, 613 (6th Cir. 1991).

12

The lesson of *Santobello* is that where the defendant's guilty plea is based on a promise or agreement of the prosecution, such that it is part of the inducement or consideration for the plea, such a promise must be fulfilled. *United States v. Murchison,* No. 05-6672, 2007 WL 2120193, at *3 (6th Cir. July 24, 2007) (citing *United States v. Barnes,* 278 F.3d 644, 647 (6th Cir. 2002) and *Santobello* ); *see also United States v. Traynoff,* 53 F.3d 168, 170-171 (7th Cir. 1995), *cert. denied,* 516 U.S. 926 (1995) (same); *Avery v. United States,* 47 F.3d 1167, 1995 WL 6223, at *5 (6th Cir. 1995) (TABLE, text in WESTLAW). *Santobello* prohibits false representations and mandates compliance with promises made. *Villanueva,* 719 F.3d at 777 (quoting *United States v. Jordan,* 870 F.2d 1310, 1316 (7th Cir. 1989)).

"In determining whether a plea agreement has been broken, courts look to what was reasonably understood by the defendant when he entered his plea of guilty." *Williams v. United States,* No. 00-1687, 2002 WL 31133383, at *5 (6th Cir. Sept. 25, 2002) (quoting *United States v. Carr,* 170 F.3d 572, 575 (6th Cir. 1999)). The crux of Miles's argument can be summarized as follows—that he was entitled to parole because he had bargained for a twenty-three year prison term. (R. 6, RX 37, PageID #: 282.) Miles' relies upon the trial court's dicta in support of his claim.

The trial court found no legal error in the Ohio Adult Parole Board's decision denying Miles' parole, but expressed concern about the basis for the parole board's decision and whether it may have usurped authority. (R. 6, RX 37, PageID #: 282.) While the trial court denied Miles' motion to withdraw plea, the judge sought to

13

provide additional context, but included a factual misstatement indicating Miles "entered a guilty plea after intense negotiations and received a sentence of 23 years in prison." (R. 6, RX 37, PageID #: 282; *see also* R. 6, RX 1, PageID #: 71.) The trial court's suggestion that Miles received a 23 year, fixed-term sentence, was the misstatement. The record confirms that Miles received a life sentence, with eligibility for parole after serving twenty-three years as explained above in footnote 2. The judge, however, noted that the parole board determined Miles' offense required more punishment, he should be imprisoned the same length of time as his co-defendant, and de facto extended Miles' sentence seven years, to thirty years, equal to his co-defendant who chose to go to trial. (R. 6, RX 37, PageID #: 282.)

The state court of appeals, in reviewing the trial court's decision, recognized that the parole board is an agent of the state that is bound by the plea agreement, but reasoned that a civil enforcement action would be the appropriate remedy because, in part, the parole board is not a party in the criminal matter and the trial court had no authority under Ohio law over the parole board. The state appellate court, therefore, affirmed the denial of the motion to withdraw plea. (R. 6, RX 42, PageID #: 330; *Miles,* 2015 WL 755281, at *2.) Again, this would be a matter of state law interpretation, beyond the scope of federal habeas relief.

Moreover, the pertinent judgment entry confirms that Miles pleaded guilty to aggravated murder and firearm specification. The resultant sentence was life imprisonment with parole eligibility after serving twenty years of imprisonment, in

addition to a consecutive term of three years for the firearm specification. (R. 6, RX 1, PageID #: 71.) Miles' petition acknowledges his sentence was "23 years to life." (R. 1, PageID # 1) In addition, Miles's petition states, "Miles agreed to enter into a plea agreement, and pleaded guilty before a three-judge panel to aggravated murder with a felony-murder specification. Pursuant to the agreement, Miles was sentenced to a term of life imprisonment with parole eligibility after 20 years. He also received a three-year consecutive sentence for the firearm specification for a total of 23 years." (R. 1-3, PageID # 30-31). Petitioner is serving the sentence he acknowledged he received. This court finds no error running contrary to the principles in *Santobello* and other federal law.

Furthermore, Petitioner's alleged due process claim, which is premised upon the Ohio Adult Parole Board denying him parole, is not cognizable on federal habeas review. In order to have a protectable liberty interest in parole, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972) (quotation marks omitted). It is clear, however, that "[t]here is no constitutional or inherent right to be conditionally released [i.e. released on parole] before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7; *see also Jago v. Van Curen*, 454 U.S. 14 at 20–21 (1981) (concluding that denying parole does not violate

the inmate's constitutional rights). "That the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11 (emphasis in original). "And only state law can create this 'legitimate claim of entitlement' [to parole]; the federal constitution protects such claims, but does not create them." *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

The State of Ohio has not created a constitutionally protected liberty interest entitling inmate's to parole. *Inmates of Orient Corr. Inst.*, 929 F.2d at 235 (indicating that the law in Ohio does not give convicted persons a legitimate claim of entitlement to parole before the expiration of their valid sentence of imprisonment); *see also Jergens v. State Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012) (Ohio inmates have no liberty interest in parole, because Ohio has a discretionary parole system). The State of Ohio maintains a discretionary parole system, in which the state "may…grant a parole to any prisoner…if in its judgment there is reasonable ground to believe that …paroling the prisoner would further the interest of justice and be consistent with the welfare and security of society." Ohio Rev. Code § 2967.03. Parole of Ohio inmates lies within the discretion of the Adult Parole Authority. *Jerkens*, 492 F. App'x at 570. The Ohio Supreme Court has stated, "[e]ven after a prisoner has met the minimum eligibility requirements, parole is not guaranteed; the Adult Parole Authority 'has wide-ranging discretion in parole matters' and may refuse to grant

16

release to an eligible offender." *Ohio v. Clark*, 119 Ohio St.3d 239, 246, 893 N.E.2d 462, 470 (2008) (quoting *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 780 N.E.2d 548, 555 (2002). Petitioner's acknowledged sentence—life imprisonment with *eligibility* for parole after serving twenty-three years—did not create an entitlement to parole.

Miles appeared before the Parole Board on October 18, 2013, after having served more than 22 years, for his first parole hearing. (R. 6, RX 42, PageID #: 327; *Miles*, 2015 WL 755281, at *1.) Thus, Miles received a parole hearing upon becoming eligible for parole. The court finds the reasoning of *Tran v. State of Ohio* persuasive on this point:

> To the extent that appellant seeks to enforce the plea agreement, whether as a contract or otherwise, we may only conclude that the agreement has not been violated. As appellant concedes, he became eligible for parole after serving twenty years, and he did, in fact, have a parole hearing. The fact that he was denied parole at the first opportunity does not equate to a violation of the agreement, which only guaranteed his eligibility for parole, not his release.

*Tran v. Ohio*, No. 09AP-587, 2009 WL 4932738, at *3 (Ohio Ct. App. Dec. 22, 2009). Because Miles received a parole hearing upon his eligibility for parole, the court finds no constitutional due process violation. The petition fails to show anything more than a subjective, unilateral expectation of parole.

Petitioner has not demonstrated that the state court adjudication resulted in a decision that was contrary to clearly established federal law or that deprived him of a constitutionally protected liberty interest without due process. Further, he has

not shown a legitimate claim of entitlement to parole that the constitution would protect. *See, e.g., Brooks v. Eppinger*, No. 16cv1017, 2016 WL 7368680 *2 (N.D. Ohio Dec. 19, 2016) (Gaughan, J.).

## III. CONCLUSION

The petition for a writ of habeas corpus should be denied for the foregoing reasons.

Date:   October 5, 2017                    s/ David A. Ruiz
                                           David A. Ruiz
                                           United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).