**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Melvin Miles, | CASE NO. 1:15 CV 1560 |
| Petitioner, | JUDGE PATRICIA A. GAUGHAN |
| vs. | |
| Margaret Bradshaw, | **Memorandum of Opinion and Order** |
| Respondent. | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Ruiz (Doc. 13) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Facts**

In 1990, petitioner and a co-defendant were indicted for aggravated murder, aggravated robbery, and aggravated burglary. The co-defendant went to trial and was found guilty by a jury. Petitioner pleaded guilty before a three-judge panel to aggravated murder

1

with a felony murder specification and a firearm specification. Pursuant to the plea agreement, petitioner was sentenced to life imprisonment with eligibility for parole after 20 years. He also received a three-year consecutive prison term for the firearm specification. Petitioner filed a motion to withdraw the guilty plea in 2012 which was denied. In 2013, after serving more than 22 years, petitioner appeared before the Ohio Adult Parole Board. He was denied parole and assessed a seven year continuance although the Board acknowledged his good conduct, acceptance of responsibility, and completion of relevant programs. Petitioner filed a second motion to withdraw his guilty plea in the state court asserting a breach of the plea agreement by the Parole Board given that he would now be receiving the same 30 year sentence as his co-defendant. Avoidance of that sentence was the reason for entering the plea. The trial court denied the motion without a hearing, although stating reasons as to why it considered the Parole Board's decision to be inappropriate. The court of appeals found that the trial court did not abuse its discretion in denying the motion, but also indicated that a civil action to enforce the plea agreement would be the appropriate procedure to remedy an alleged breach of the plea agreement. The Ohio Supreme Court declined jurisdiction.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner sets forth one ground for relief alleging he was denied due process when the

2

court of appeals refused to rule on the merits of the motion to withdraw the plea in violation of the plain language of the Ohio Rules of Criminal Procedure. The Magistrate Judge determined that the Petition should be denied. For the following reasons, this Court agrees.

Initially, the Magistrate Judge concluded that petitioner's claim was actually a challenge to a state court decision regarding a matter of state law and, therefore, non-cognizable on habeas review. Moreover, the issue of whether a trial court abuses its discretion in denying a motion to withdraw a plea has been found to be a question of state law for which habeas relief is not available. *Artiaga v. Money,* 2007 WL 928640 (N.D.Ohio March 27, 2007) (citations omitted).

Even liberally construing the claim as one for a violation of due process, the Magistrate Judge concluded that habeas relief is not warranted. Petitioner had argued that a manifest injustice occurred, in violation of due process, where he entered a plea in exchange for a reduced sentence but the Parole Board rendered the plea meaningless. Again, if petitioner was challenging the state appellate court's ruling based on its interpretation of state law, habeas relief is unavailable. In fact, the state court did not adjudicate the merits of petitioner's due process claim there.

Assuming a *de novo* review of due process were applied, the Magistrate Judge determined that the state court ruling was not contrary to clearly established federal law. Specifically, federal law prohibits false representations and mandates compliance with promises made in the plea agreement. But, as petitioner received a life sentence with eligibility for parole after serving 23 years, the plea agreement has not been broken because this is the sentence petitioner is serving. Petitioner received a parole hearing upon his

3

eligibility for parole. Furthermore, the Magistrate Judge noted that a due process claim based on the denial of parole by the Ohio Adult Parole Board is not cognizable on federal habeas review as petitioner has not shown a legitimate claim of entitlement to parole that the Constitution would protect.

Petitioner argues that the Magistrate Judge misconstrued his due process claim which was based on the state court's refusal to address his claim for review of the denial of the motion to withdraw the plea but instead cited the availability of a civil remedy that has been rejected by the Ohio Supreme Court and the United States Supreme Court. In so doing, petitioner was denied access to an established state procedure for bringing a claimed breach of a plea agreement. Additionally, petitioner objects on the basis that his claim is not premised on the Parole Board's decision to deny him parole but on the *reason* it did so, i.e., to impose the same sentence as that of the co-defendant. The Court does not find the objections to be persuasive and agrees with the reasoning and analysis of the Magistrate Judge, which is incorporated herein. In particular, the state appellate ruling involved a matter of state law which is non-cognizable here and even addressing a due process claim, petitioner has not shown a Fourteenth Amendment violation.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

4

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 12/18/17